MICHELE FLOYD (SBN 163031)
mfloyd@srclaw.com
JACQUELINE YOUNG (SBN 280374)
jyoung@srclaw.com
ADRIANNA A. RUBINO (SBN 300951)
arubino@srclaw.com
**SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 549-0580
Facsimile: (415) 549-0640

*Attorneys for Respondent*
Airbnb, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA McCLUSKEY,<br><br>        Petitioner,<br><br>    v.<br><br>AIRBNB, INC.<br><br>        Respondent. | CASE NO.: 2:19-cv-09613-PA-PJW<br><br>Hon. Percy Anderson<br><br>**DECLARATION OF JACQUELINE YOUNG IN SUPPORT OF AIRBNB, INC.'S OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD**<br><br>Date:  January 13, 2020<br>Time:  1:30 p.m.<br>Courtroom:  9A |

**YOUNG DECL. ISO AIRBNB'S OPP. TO MX. TO VACATE ARBITRATION AWARD;
CASE NO.: 2:19-cv-09613-PA-PJW**

**DECLARATION**

I, Jacqueline Young, hereby declare as follows:

1. I am an attorney at law duly licensed to practice in the State of California and am admitted to practice before the above-captioned Court. I am an associate at the law firm of Sacks, Ricketts & Case, LLP, counsel of record for Respondent Airbnb, Inc. ("Airbnb") in this matter and in the underlying arbitration proceedings. I have personal knowledge of the facts set forth below except as to those facts set forth upon information and belief. As to those facts, I believe them to be true. If called as a witness, I could and would testify competently to the facts set forth herein. I make this Declaration in support of Airbnb, Inc.'s Opposition to Motion to Vacate Arbitration Award.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Award of Arbitrator, issued in the American Arbitration Association ("AAA") matter captioned, *Veronica McCluskey v. Airbnb, Inc.*, AAA Case No. 01-18-0003-7337 (signed on October 28, 2019) (the "Arbitration").

3. Attached hereto as **Exhibit 2** is a true and correct copy of the complaint filed in the action captioned *Veronica McCluskey v. William Hendricks and Roxanne Hendricks*, Case No. BC671735 (Los Angeles Cty. Super.) (filed Aug. 9, 2017) (the "Hendricks Action"). The regularly maintained records of Sacks, Ricketts & Case, LLP reflect that my firm responded to third-party subpoenas that both parties served on Airbnb in that action. The written responses to the subpoenas and the documents produced are regularly maintained in our files in the ordinary course of business. Based on the information contained in our files, Airbnb produced documents in response to those subpoenas on or about December 17, 2017, and then served additional documents in response in March, 2018.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the complaint filed in the instant action, captioned *Veronica McCluskey v. Airbnb, Inc.*

*et al.*, Case No. CGC-18-563528 (San Francisco Cty. Super.) (filed January 5, 2018) (the "Airbnb Action") as it is regularly maintained in Sacks, Ricketts & Case's files.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the May 30, 2018 Order Granting Defendant Airbnb, Inc.'s Motion to Compel Arbitration, issued in the Airbnb Action, as it is regularly maintained in Sacks, Ricketts & Case's files.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the order denying Petitioner's petition for writ of mandate, issued by the Court of Appeal of the State of California First Appellate District, Division One, on October 3, 2018 in the Airbnb Action, as it is regularly maintained in Sacks, Ricketts & Case's files.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the original complaint filed on behalf of Petitioner against three Airbnb employees, Jeff Henry, Dave Willner, and Sanaz Evrahimi, in the action captioned *Veronica McCluskey v. Jeff Henry et al.*, Case No. CGC-18-567741 (San Francisco Cty. Super.) (filed June 29, 2018) (the "Employee Action"), as it is regularly maintained in Sacks, Ricketts & Case's files.

8. Attached hereto as **Exhibit 7** is a true and correct copy of the November 7, 2018 Order Granting Defendants' Motion to Compel Arbitration, issued in the Employee Action, as it is regularly maintained in Sacks, Ricketts & Case's files

9. Attached hereto as **Exhibit 8** is a true and correct copy of the September 11, 2019 Order Granting Defendants' Motion for Sanctions, issued in the Employee Action, as it is regularly maintained in Sacks, Ricketts & Case's files.

10. Attached hereto as **Exhibits 9.1 through 9.5** are true and correct copies of the Demand for Arbitration and all accompanying exhibits, served by Petitioner on Airbnb on October 8, 2018 in connection the underlying Arbitration, as they are regularly maintained in Sacks, Ricketts & Case's files.

11. Attached hereto as **Exhibit 10** is a true and correct copy of Pre-Hearing Order No. 1, issued in the underlying Arbitration on January 30, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files.

12. Attached hereto as **Exhibit 11** is a true and correct copy of Pre-Hearing Order No. 2, issued in the underlying Arbitration on February 21, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files. In accordance with this Pre-Hearing Order, the parties exchanged initial sets of documents on or about March 7, 2019, and each supplemented those productions at least once thereafter.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the parties' Joint Request for Dispositive Motions, submitted in the underlying Arbitration on March 7, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files.

14. Attached hereto as **Exhibit 13** is a true and correct copy of Pre-Hearing Order No. 3, issued in the underlying Arbitration on March 26, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files.

15. Attached hereto as **Exhibit 14** is a true and correct copy of Pre-Hearing Order No. 4, issued in the underlying Arbitration on May 6, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files.

16. Attached hereto as **Exhibit 15** is a true and correct copy of Pre-Hearing Order No. 5, issued in the underlying Arbitration on June 11, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files.

17. Attached hereto as **Exhibit 16** is a true and correct copy of Pre-Hearing Order No. 6, in which the Arbitrator denied Petitioner's Motion for

Summary Judgment, issued in the underlying Arbitration on June 19, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files.

18. Attached hereto as **Exhibit 17** is a true and correct copy of Pre-Hearing Order No. 7, issued in the underlying Arbitration on August 7, 2019, as it is regularly maintained in Sacks, Ricketts & Case's files.

19. Attached hereto as **Exhibit 18** is a true and correct copy of an excerpt of the current AAA Consumer Arbitration Rules, effective beginning September 1, 2014, which I retrieved from the AAA website at www.adr.org on December 16, 2019. As of the date of this declaration, the complete rules could be accessed at: https://www.adr.org/sites/default/files/Consumer%20Rules.pdf.

20. Attached hereto as **Exhibit 19** is a true and correct copy of email correspondence between Michele Floyd, a partner in my firm, and Petitioner's counsel, Michael Mogan, dated June 24, 2019. This email correspondence is regularly maintained as a business record in my firm's document management system, and I retrieved them from my firm's document management system.

21. Attached hereto as **Exhibit 20** is a true and correct copy of email correspondence between Michele Floyd, Petitioner's counsel Michael Mogan and arbitrator Alan Jampol, dated June 24, 2019. This email correspondence is regularly maintained as a business record in my firm's document management system, and I retrieved them from my firm's document management system

22. Attached hereto as **Exhibit 21** is a true and correct copy of the opening brief in support of Airbnb's Motion for Summary Judgment or, Alternatively, Summary Adjudication, submitted in the underlying Arbitration on April 30, 2019.

23. Attached hereto as **Exhibit 22** is a true and correct copy of the Declaration of Respondent Airbnb, Inc.'s Custodian of Records Jason Herrera in Support of Airbnb, Inc.'s Motion for Summary Judgment or, Alternatively,

Summary Adjudication, submitted in the underlying Arbitration on April 30, 2019. In order to reduce volume and file size, I have omitted the exhibits to Mr. Herrera's declaration, but I will supply a complete set upon request.

24. Attached hereto as **Exhibit 23** is a true and correct copy of the brief Petitioner submitted in support of her Motion for Summary Judgment. Petitioner submitted her motion on April 29, 2019.

25. Attached hereto as **Exhibit 24** is a true and correct copy of Petitioner's initial brief in opposition to Airbnb's Motion for Summary Judgment or Summary Adjudication, submitted in the underlying Arbitration on May 21, 2019.

26. Attached hereto as **Exhibit 25** is a true and correct copy of Petitioner's first supplemental brief in opposition to Airbnb's Motion for Summary Judgment or Summary Adjudication, submitted in the underlying Arbitration on July 15, 2019.

27. Attached hereto as **Exhibit 26** is a true and correct copy of Petitioner's second supplemental brief in opposition to Airbnb's Motion for Summary Judgment or Summary Adjudication, and accompanying exhibits, submitted in the underlying Arbitration on September 10, 2019. I have reviewed the exhibits to Petitioner's brief, and exhibit 2 thereto (pp. 442–68) contains documents that Airbnb produced in response to subpoenas issued in the Hendricks Action, and then again in connection with discovery in the underlying Arbitration, as discussed in Paragraphs 3 & 12 above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of December, 2019, at Castro Valley, California.

JACQUELINE YOUNG