# EXHIBIT 2

Exhibit 2
-18-



**ORIGINAL**

1   MICHAEL MOGAN (304107)
    LAW OFFICE OF MICHAEL MOGAN P.C.
2   4470 W. SUNSET BLVD., #90256
    LOS ANGELES, CA 90027
3   Telephone: (949) 612-1868
    mm@michaelmogan.com
4   Attorney for Plaintiff
    VERONICA MCCLUSKEY
5

90013
A6025
SIG MILLER

FILED
Superior Court of California
County of Los Angeles

AUG 09 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
        Marion Gomez

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF LOS ANGELES

9                                    BC671735

10                                    ) CASE No. _____
                                      )
11  VERONICA MCCLUSKEY                ) COMPLAINT FOR DAMAGES:
                                      ) 1. INTENTIONAL INFLICTION OF
12        Plaintiff,                  )    EMOTIONAL DISTRESS
           v.                         ) 2. INTENTIONAL INTERFERENCE WITH
13                                    )    CONTRACTUAL RELATIONS
14  WILLIAM HENDRICKS AND ROXANNE 3. NEGLIGENT INFLICTION OF EMOTIONAL
    HENDRICKS                         )    DISTRESS
15        Defendants.                 ) 4. INTENTIONAL INTERFERENCE WITH
                                      )    PROSPECTIVE BUSINESS ADVANTAGE
16  _____ )  5. RETALIATION
                                         6. WRONGFUL TERMINATION
17                                       7. RETALIATION FOR WHISTLEBLOWING
18                                          IN VIOLATION OF LABOR CODE §1102.5(b)
                                         8. RETALIATION FOR REFUSING TO
19                                          ENGAGE IN ILLEGAL CONDUCT IN
20                                          VIOLATION OF LABOR CODE §1102.5(c)
                                         9. DEFAMATION
21

22

23         **JURY TRIAL DEMANDED**

24

25         UNLIMITED JURISDICTION

26         DAMAGES EXCEED $25,000

27

28

BY FAX

1

08/09/2017

**Exhibit 2**
**-19-**

Plaintiff VERONICA MCCLUSKEY (hereinafter referred to as "Veronica" or "Plaintiff"), an individual hereby submits her Complaint against Defendants WILLIAM HENDRICKS ("WILLIAM"), an individual and ROXANNE HENDRICKS ("ROXANNE"), an individual, (William Hendricks and Roxanne Hendricks hereinafter referred to collectively as "Defendants") as follows:

## INTRODUCTION

1.    Veronica enthusiastically began her employment in or around May 2017 as an AIRBNB co-host for her employer both William and Roxanne so Veronica could help manage William and Roxanne's AIRBNB short term rental property at 312 West 5th Street #705 in Los Angeles, CA 90013. Veronica soonafter learned that William and Roxanne were receiving shipments of drugs at 312 West 5th Street unit #705 and Veronica contacted AIRBNB and the Los Angeles Police Department and William and Roxanne retaliated against Veronica. Although AIRBNB has not responded to Veronica's concerns the Los Angeles police department have commended Veronica's actions and AIRBNB has since disabled Veronica's account and refuses to do business with Veronica. Veronica McCluskey brings this action based on the horrific and unthinkable acts committed by William and Roxanne since Veronica accepted an employment position to work for William and Roxanne as an AIRBNB co-host.

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over the violations of the California Labor Code for the claims alleged herein. Venue is proper in this judicial district pursuant to Cal. Civ. Proc. Code § 395 as at all relevant times defendants William and Roxanne have conducted business and continue to conduct business in the State of California in Los Angeles county. William and Roxanne's principal business address is located at 312 West 5th Street #705, Los Angeles, CA 90013 and is within this court's jurisdictional area.  Veronica also worked as an employee of William and Roxanne at 312 West 5th Street #705 in Los Angeles, California.

## THE PARTIES

3.    Plaintiff VERONICA MCCLUSKEY, at all relevant times, was an individual residing in Los Angeles county in the State of California and had her own separate AIRBNB

2

Exhibit 2
-20-

1   rental operation in downtown Los Angeles and Nevada which was separate and apart from any

2   AIRBNB rental operation of the defendants William and Roxanne.

3       4.      Based upon information and belief, at all times relevant to the claims alleged

4   herein, Defendants William and Roxanne owned the condominium unit at 312 West 5th Street

5   #705, Los Angeles, CA 90013 ("Unit #705") and William and Roxanne rented the unit on

6   AIRBNB as a short-term rental.

7       5.      Based upon information and belief, WILLIAM HENDRICKS and ROXANNE

8   HENDRICKS are married.

9   **BACKGROUND AND FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10      6.   AIRBNB is an online marketplace and hospitality service, enabling people to

11  lease or rent short-term lodging including vacation rentals, apartment rentals, homestays, hostel

12  beds, or hotel rooms. The company does not own any lodging; it is merely a broker and receives

13  percentage service fees (commissions) from both guests and hosts in conjunction with every

14  booking.

15      7.   In or around May 2017 Defendant William and Roxanne contacted Plaintiff

16  Veronica through AIRBNBs web portal and expressed an interest in hiring Veronica for an

17  employment position Bill and Roxanne had available as a co-host so that Veronica could work

18  for William and Roxanne and assist them in managing their short term rental property located at

19  "unit 705."

20      8.   At all times relevant to the claims alleged herein, William and Roxanne knew that

21  Veronica had her own rental property listed on AIRBNB's website for Veronica's apartment in

22  downtown Los Angeles which was in close proximity to William and Roxanne's Unit #705.

23      9.   At all times relevant to the claims alleged herein, William and Roxanne knew

24  that Veronica had her own rental property listed on AIRBNB's website for Veronica's apartment

25  in Nevada.

26      10. On or around May 17th 2017 both William Hendricks and Roxanne Hendricks

27  hired Veronica as an employee through AIRBNB's co-host program so that Veronica could work

28

3

**Exhibit 2**
-21-

1   for William and Roxanne as a cohost in managing their property located at 312 West 5th Street

2   #705, Los Angeles, CA 90013.

3       11.    The services performed by Veronica as an AIRBNB co-host for William and

4   Roxanne were not distinct from those services William and Roxanne performed as AIRBNB

5   hosts for unit #705.

6       12.    The work performed by Veronica as an employee in the position as a co-host was

7   a part of the regular business of her employer William and Roxanne as AIRBNB hosts.

8       13.    William and Roxanne provided Veronica the instrumentalities, tools, supplies,

9   cleaning supplies and cleaning equipment for Veronica and Veronica's employers William and

10  Roxanne provided the place for Veronica to perform the work which was William and

11  Roxanne's condominium unit # 705.

12      14.    Veronica made no investment in the equipment or materials required to act as co-

13  host for William and Roxanne and anytime Veronica had to purchase supplies and other

14  materials from Veronica's own funds to maintain unit # 705, William and Roxanne would

15  reimburse Veronica for these expenditures.

16      15.    When Veronica accepted her position as co-host from William and Roxanne,

17  Veronica is the only person who held this position and she believed she was accepting a

18  permanent employment position.

19      16.    The service provided by Veronica as a co-host to William and Roxanne did not

20  require any special skills.

21      17.    Although AIRBNB hired Veronica as a co-host, William and Roxanne retained

22  pervasive control over the short-term rental operation conducted by William and Roxanne in unit

23  #705 as a whole.

24      18.    When Veronica was hired by William and Roxanne as a co-host Veronica became

25  an integral part of William and Roxanne's AIRBNB short term rental business in unit #705.

26      19.    William and Roxanne controlled the hours Veronica had to work as Veronica had

27  to check guests in and out at certain times and clean and ensure there were enough supplies for

28  unit #705 depending on when William and Roxanne accepted AIRBNB booking requests.

4

Exhibit 2
-22-

20.    William and Roxanne set the nightly rental pricing for unit #705 where Veronica
worked for Willian and Roxanne as a co-host and accepted and declined reservation requests for
unit #705.

21.    As part of Veronica's AIRBNB co-host duties, William and Roxanne asked
Veronica to open letters and packages that were delivered to their condominium unit #705 since
William and Roxanne spent most of their time outside of Los Angeles and Veronica was asked if
Veronica could ship some of the mail to William and Roxanne's home in Iowa.

22.    In or around June 2017 William and Roxanne asked Veronica to take photos of
the windows in unit #705 as well as other photos of the condition of their unit during the course
of Veronica's employment for William and Roxanne as a co-host.

23.    Based upon information and belief, William Hendricks made arrangements with
an employee of the property management firm that manages the building located at 312 West 5th
Street #705 in Los Angeles, CA to accumulate William and Roxanne's mail and packages that
arrived when no one was present in unit #705 to accept mail and deliveries.

24.    Based upon information and belief, Defendant William and Roxanne purchased
the drugs OxyContin, Morphine and Molly from a drug dealer and had these drugs shipped via
the U.S. postal service to their property located at 312 West 5th Street #705, Los Angeles, CA
90013 and this shipment arrived on or before June 6th, 2017. 9 (Exhibit #1). Based upon
information and belief, although the package was addressed to William, Roxanne was aware of
this shipment and its contents.

25.    Based upon information and belief, the Drug Enforcement Agency labels Molly a
Schedule 1 controlled substance as the drug is considered to have a high potential for abuse and
no accepted use in medical treatment thus the mere possession of the drug is illegal under
Federal and California criminal statutes.

26.    Based upon information and belief, accidental ingestion of even one dose of
OxyContin, especially by children, can result in a fatal overdose.

27.    Based upon information and belief, one of the reasons William and Roxanne hired
Veronica as a co-host was so that defendants could intentionally deceive Plaintiff into re-routing

5

**Exhibit 2**
-23-

1  the deliveries of drugs that were mailed to William and Roxanne at 312 West 5th Street #705 in

2  Los Angeles to their residence in Iowa so that William and Roxanne's drug shipments would not

3  be detected by local and federal law enforcement agencies.

4      28.    On June 6th 2017, Veronica travelled to the defendants condominium unit at 312

5  West 5th Street #705 to manage their short term rental property as a cohost and Veronica picked

6  up the mail and packages that were being held by an employee of the property management firm

7  that manages the building at 312 West 5th Street in Los Angeles. William specifically asked

8  Veronica to pick up and open the mail and packages that were waiting for Willian and Roxanne

9  in their building at 312 West 5th Street in Los Angeles.

10      29.    Veronica opened a box addressed to defendant William Hendricks that had

11  arrived in USPS Priority mail packaging and Veronica discovered the box that based upon

12  information and belief was filled with the drugs OxyContin, Morphine and Molly pills. (Exhibits

13  1 and 2) Defendant William admitted the drugs belonged to him and William stated to Veronica

14  he enjoys pain pills. (See Exhibit 3). Based upon information and belief, this is not the first time

15  William and Roxanne received shipments of drugs at 312 West 5th Street #705 in Los Angeles,

16  California.

17      30.    At no time since on or before June 6th 2017 did William or Roxanne warn or

18  inform Veronica that there would be deliveries of drugs including but not limited to OxyContin,

19  Morphine and Molly or any drugs to their condominium unit #705 while Veronica was acting a

20  co-host for William and Roxanne.

21      31.    At no time since on or before June 6th 2017 did William or Roxanne inform

22  Veronica that there would be drugs including but not limited to OxyContin, Morphine and Molly

23  or any drugs present in their condominium unit #705 while Veronica was present in the

24  condominium unit #705 acting a co-host.

25      32.    At no time since on or before June 6th 2017 did William or Roxanne inform

26  Veronica that she would be opening packages and mail that included deliveries of drugs

27  including but not limited to OxyContin, Morphine and Molly to their condominium unit #705

28  while Veronica was present in the condominium unit #705 acting a co-host.

6

Exhibit 2

-24-

33.     Based upon information and belief, Defendant William Hendricks and Roxanne Hendricks live in Iowa.

34.     After Veronica discovered the drugs on June 6th, 2017, William apologized for what happened but William asked Veronica to mail William's drugs to William and Roxanne's residence in Iowa and Veronica refused to mail these drugs anywhere as Veronica did not wish to become a suspect or participant in any of William and Roxanne's drug shipment activities. William then asked Veronica to meet an individual William described as a friend in unit #705 so Veronica could give this individual William's drugs and Veronica refused to meet this individual in the Unit #705 or anywhere. William stated to Veronica he would get the drugs out of Unit #705.

35.     Once William stated to Veronica he had a bad habit Veronica became concerned that these shipments of drugs to unit #705 were a recurring event and Veronica was concerned she might become a suspect by law enforcement, arrested or possibly harmed by the presence of drugs in unit #705.

36.     Based upon information and belief, William and Roxanne asked Veronica to forward the drug shipment received in Unit #705 because William and Roxanne believed the United States postal service would be less suspicious of a package being sent from Veronica rather than from a sender the United Postal Service and law enforcement possibly already suspected was involved in drug distribution activities.

37.     William also stated that his friend would come by and remove the drugs from the unit and Veronica became concerned that this individual had access to unit #705 where Veronica worked regularly as a cohost. William also stated he had a buddy who stopped in the apartment to pick up the mail. Since William had someone else involved in the transportation of William's drugs, this made Veronica feel unsafe as this individual could be a drug dealer, someone who used the drugs received by William and/or someone involved in William and Roxanne's drug distribution network and Veronica also became concerned for any AIRBNB guests in unit #705.

**Exhibit 2**
-25-

38.    Veronica left the entire contents of the USPS priority mail box which included
William's drugs at the defendant's condominium at 312 West 5th Street #705 on June 6th 2017
and Veronica left the unit.

39.    Veronica contacted AIRBNB to inform AIRBNB of the events that occurred in
the defendant's condominium unit regarding her discovery of drugs on June 6th 2017 and
William and Roxanne's conduct and AIRBNB took no action. Veronica contacted the Los
Angeles police department and the Los Angeles police department became immediately
concerned and commended her actions and they even stated they admire her decision to come
forward and wish more people would do as she did.

40.    Based upon information and belief William and Roxanne become aware that
Veronica had contacted AIRBNB to inform AIRBNB about the delivery of drugs William and
Roxanne received as well as William and Roxanne's conduct on and after June 6th, 2017.

41.    Based upon information and belief, in June 2017 William made false statements
to a guest of William and Roxanne who was staying in unit 705 and William stated to the guest
that Veronica was a thief who was losing her mind and William made other false statements to
the guest to be proven at trial.

42.    On or around June 17th 2017, Veronica resigned from her co-host position
because William's and Roxanne's conduct, working conditions at unit #705 and other conduct
described above and William and Roxanne effectively forced Veronica to resign.

43.    On or around June 17th 2017 William stated to Veronica "too bad you violated a
house rule that I've had from day one and a touchy subject for airbnb - photo shoots." (Exhibit 4)
William also stated to Veronica "I don't want to get nasty but will go there if you want to.
(Exhibit 4) I'd just assume save us both the time and energy." (Exhibit 4) William also
threatened Veronica and stated "I have all of my notes for AIRBNB written up, too, if you want
to go there." (Exhibit 4) Based upon information and belief, William and Roxanne were already
planning to disrupt Veronica's business relationship with AIRBNB before William made these
statements.

8

**Exhibit 2**
-26-

44.    Based upon information and belief, William Hendricks did contact AIRBNB in June 2017 and make false statements so that AIRBNB would cease doing business with Veronica as AIRBNB had done in the past with Veronica for many years. Based upon information and belief, William made these false statements to AIRBNB to retaliate against Veronica after Veronica informed William she had contacted law enforcement authorities about William's conduct.  Based upon information and belief William and Roxanne became frustrated with Veronica because she refused to forward any shipments received in unit #705 to their home in Iowa and William and Roxanne harassed Veronica because of her refusal to ship anything for William and Roxanne.

45.    Veronica was constructively discharged and forced to resign due to William and Roxanne's actions and the conditions at her workplace at unit #705 and because of William and Roxanne's conduct and involvement with drugs were so intolerable at the time of Veronica's resignation that a reasonable person in Veronica's position as an employee would have resigned, and William and Roxanne had actual and constructive knowledge of their intolerable actions and conditions and of their impact upon Veronica and William and Roxanne could have remedied the situation, but did not.

46.    The conditions giving rise to the resignation by Veronica were sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve her employer.

47.    The adverse working conditions were unusual and involved an environment created by William and Roxanne that included presence of drugs and drug shipments and other activities described above and such activities amounted to a "continuous pattern" that created an intolerable situation for Veronica forcing her to resign as an employee of William and Roxanne.

48.    In or around June 19th 2017 AIRBNB disabled Veronica's profile and AIRBNB cancelled all of Veronica's upcoming reservations in an amount to be proven at trial which Veronica had with AIRBNB in the coming weeks for Veronica's apartment in Los Angeles and Nevada and AIRBNB has refused to reimburse Veronica for the lost revenue for the reservations that were cancelled and Veronica has been damaged in an amount to be proven at trial.  Based

08/09/2017

**Exhibit 2**
-27-

upon information and belief, AIRBNB disabled Veronica's profile because of the false statements made by William and Roxanne in or around June 2017 as well as the conduct of William and Roxanne.

49.    Since in or around June 19th 2017, AIRBNB has expressed a desire to no longer do business with Veronica and AIRBNB will not reactivate her profile despite multiple requests to do so by Veronica and the Los Angeles police department.

50.    Based upon information and belief, AIRBNB now refuses to do business with Veronica because of William's and Roxanne's false statements made to AIRBNB in June 2017 as well as the conduct of William and Roxanne.

51.    Based upon information and belief, AIRBNB still conducts business with the defendants William and Roxanne and continues to permit William and Roxanne to list their unit at 312 West 5th Street #705 in Los Angeles, California on AIRBNB's website despite the events that occurred on and after June 6th, 2017 and despite conversations between the Los Angeles police department and AIRBNB employees.

52.    Based upon information and belief, William and Roxanne made false statements to AIRBNB to eliminate a competitor (Veronica) in the downtown Los Angeles short term rental market so that William and Roxanne's short term rental operation could prosper.

53.    Based upon information and belief, William and Roxanne harassed Veronica and retaliated against Veronica, terminated Veronica's employment and made false statements to AIRBNB because Veronica reported the conduct of William and Roxanne to AIRBNB and the Los Angeles police department.

## FIRST CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

54.    Plaintiff realleges and incorporates paragraph 1 through 53, inclusive as though fully set forth in full herein.

55.    Defendants William and Roxanne's conduct, as described above, was extreme and outrageous and beyond the bounds of decency tolerated in a civilized society. By William's and

10

Exhibit 2

-28-

1   Roxanne's harassment, intimidation and differential treatment of Plaintiff, William and Roxanne

2   have acted outrageously and with reckless disregard of the foreseeable consequences to

3   Veronica.

4       56.    Defendants William and Roxanne intentionally and recklessly disregarded the

5   safety and rights of their employee Veronica as described above.

6       57.    William's and Roxanne's conduct was intended to cause Veronica emotional

7   distress and William and Roxanne acted with a reckless disregard to the probability that

8   Veronica would suffer emotional distress. The conduct of William and Roxanne was

9   intentionally and unreasonably or maliciously engaged in for the purposes of intimidating

10  Veronica and was further done to cause Veronica humiliation, frustration, fear, emotional injury

11  and distress.

12      58.    Veronica suffered severe emotional distress  and had to check into a hospital

13  emergency room and is receiving ongoing medical treatment for this emotional distress.

14      59.    William and Roxanne were a substantial factor in causing Veronica's severe

15  emotional distress.

16      60.    As a direct and proximate cause of the tortious, unlawful, and wrongful acts of

17  William and Roxanne, Veronica has suffered past and future special damages and past and future

18  general damages in an amount according to proof at trial. Veronica has been damaged

19  emotionally and financially, including but not limited to emotional suffering from emotional

20  distress and ridicule, as well as loss of income. As a direct and proximate result of William and

21  Roxanne's conduct, Veronica has suffered and continues to suffer shock, anger, mental anguish,

22  frustration, humiliation and emotional distress. Veronica also had to check into a hospital

23  emergency room and is receiving ongoing medical treatment as a direct and proximate result of

24  William and Roxanne's conduct. All of Plaintiff Veronica's damages are in an amount to be

25  proven at trial.

26      61.    In engaging in the conduct as hereinabove alleged, William and Roxanne acted

27  with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and

28  well-being, and intended to subject Veronica to unjust hardship, thereby warranting an

11

Exhibit 2
-29-

1    assessment of punitive and exemplary damages in an amount sufficient to punish William and

2    Roxanne and deter others from engaging in similar conduct.

3    **SECOND CAUSE OF ACTION  FOR INTENTIONAL INTERFERENCE WITH**

4    **CONTRACTUAL RELATIONS**

5    (Against all Defendants)

6    62.     Veronica realleges each and every allegation set forth in Paragraphs 1 through 61,

7    inclusive, and incorporates them by reference herein.

8    63.     Veronica entered into a valid written contract with AIRBNB before May 2017.

9    64.     Defendants William and Roxanne were aware that Veronica had entered into a

10    valid written contract with AIRBNB.

11    65.     Defendants William and Roxanne intentionally engaged in acts designed to

12    induce a breach or disruption of the contract between Veronica and AIRBNB, including but not

13    limited to contacting AIRBNB in an attempt, among other things, to get AIRBNB to stop doing

14    business with Veronica.

15    66.     Defendants William and Roxanne's actions disrupted the contractual relationship

16    between AIRBNB and Veronica as AIRBNB deactivated Veronica's AIRBNB listing which she

17    had for her own AIRBNB rental properties and AIRBNB also cancelled Veronica's upcoming

18    reservations and Veronica suffered damages in an amount to be proven at trial.

19    67.     Defendant William and Roxanne's actions described above were performed with

20    oppression, fraud, and malice. Accordingly, Veronica is entitled to punitive damages under

21    California Civil Code § 3294 and exemplary damages in an amount to be proven at trial

22    **THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL**

23    **DISTRESS**

24    (Against all Defendants)

25    68.     Veronica realleges each and every allegation set forth in Paragraphs 1 through 67,

26    inclusive, and incorporates them by reference herein.

27    69.     Defendants William and Roxanne owed a duty to use reasonable care in their

28    conduct with regard to the health, safety, and rights of Veronica. It was foreseeable and probable

**Exhibit 2**
**-30-**

1  that Veronica would suffer severe emotional distress from William and Roxanne's conduct.

2  Defendants were negligent by breaching the duty of care they owed to Plaintiff when Defendants

3  William and Roxanne harassed, insulted and attempted to implicate Veronica in their drug

4  distribution activities.

5       70.    Veronica suffered severe emotional distress and had to check into a hospital

6  emergency room and is receiving ongoing medical treatment for this emotional distress.

7       71.    William and Roxanne were a substantial factor in causing Veronica's severe

8  emotional distress. As a direct and proximate cause of the tortious, unlawful, and wrongful

9  acts of William and Roxanne as aforesaid, Veronica has suffered past and future special damages

10  and past and future general damages in an amount according to proof at trial.

11       72.    Plaintiff has been damaged emotionally and financially, including but not limited

12  to emotional suffering from emotional distress and ridicule, as well as loss of income. As a direct

13  and proximate result of William and Roxanne's conduct, Veronica has suffered and continues to

14  suffer shock, anger, mental anguish, frustration, humiliation and emotional distress.

15       73.    In engaging in the conduct as hereinabove alleged, Defendants William and

16  Roxanne acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's

17  health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby

18  warranting an assessment of punitive damages and exemplary damages in an amount sufficient

19  to punish William and Roxanne and deter others from engaging in similar conduct.

20      **FOURTH CAUSE OF ACTION FOR  INTENTIONAL INTERFERENCE WITH**

21      **PROSPECTIVE BUSINESS ADVANTAGE**

22      <u>(Against all Defendants)</u>

23       74.    Plaintiff realleges and incorporates paragraph 1 through 73, inclusive as though

24  fully set forth in full herein.

25       75.    Veronica had a reasonable probability of a prospective economic relationship with

26  AIRBNB and future short-term rental customers seeking to rent short term rentals through

27  AIRBNB's website.

28

13

**Exhibit 2**
-31-

76.    Defendants William and Roxanne knew of the prospective and ongoing relationship between Veronica and AIRBNB and Veronica and her customers, and William and Roxanne intended to disrupt that relationship.

77.    Based on information and belief, through the false, misleading statements William and Roxanne made to AIRBNB employees, Defendants William and Roxanne intentionally, wrongfully, and proximately caused disruptions in these prospective and ongoing relationships between Veronica and AIRBNB and Veronica and her prospective customers.

78.    Defendants William and Roxanne intentionally wrongful actions disrupted Veronica's relationship with AIRBNB and Veronica's relationship with her existing customers and William and Roxanne caused Veronica to lose prospective customers, in an amount to be proven at trial, and Veronica suffered harm to her reputation, in an amount to be determined at trial.

79.    Defendants acts described above were performed with oppression, fraud, and malice. Accordingly, Veronica is entitled to punitive damages under California Civil Code § 3294 and exemplary damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION FOR RETALIATION

#### (Against all Defendants)

80.    Plaintiff realleges and incorporates paragraph 1 through 79, inclusive as though fully set forth in full herein.

81.    Veronica opposed the offensive conduct as described herein by reporting the conduct to William, Roxanne, AIRBNB and the Los Angeles police department and demanding that it be stopped. Defendant William and Roxanne failed to address Plaintiff's complaints. The acts and/or omissions of Defendant William and Roxanne materially and adversely affected the terms and conditions of Veronica's employment.

82.    That Veronica opposed the offensive conduct as described herein and reporting it to William, Roxanne, AIRBNB and the Los Angeles police department was a motivating reason for Veronica's termination by William and Roxanne in violation of Government Code Section 12940 (h) and for the continued offensive conduct as described herein.

14

Exhibit 2

-32-

83.    The acts and/or omissions of Defendants William and Roxanne caused Veronica to suffer harm and economic damages for loss of past and future earnings and employee benefits, loss of earning capacity, in amounts according to proof at trial.

84.    In engaging in the conduct as hereinabove alleged, Defendants William and Roxanne acted with malice, fraud, and oppression and/or in conscious disregard of Veronica's health, rights, and well-being, and intended to subject Veronica to unjust hardship, thereby warranting an assessment of punitive damages and exemplary damages in an amount sufficient to punish Defendants William and Roxanne and deter others from engaging in similar conduct.

## SIXTH CAUSE OF ACTION FOR WRONGFUL TERMINATION

### (Against all Defendants)

85.    Plaintiff realleges and incorporates paragraph 1 through 84, inclusive as though fully set forth in full herein.

86.    Veronica was required to endure the offensive conduct described herein during her employment with Defendants William and Roxanne.

87.    Plaintiff's opposition to the offensive conduct described herein and reporting it to William and Roxanne, AIRBNB and the Los Angeles police department were motivating reasons for Veronica's termination.

88.    Defendant William and Roxanne were aware, or should have been aware, of the likelihood that Veronica would suffer severe emotional distress as a result of the above-described outrageous conduct. The outrageous and shocking conduct of Defendants William and Roxanne was done intentionally and for the purpose of inflicting extreme and severe emotional distress upon Veronica.

89.    Veronica was harmed and the requirement that she endure the offensive conduct as described herein during the course of her employment was a substantial factor in causing Veronica's harm.

90.    Veronica's termination from her employment was rooted in violation of public policy embodied in California's Fair Employment and Housing Act (FEHA), California Government Code §12940, et seq., and case law.

15

**Exhibit 2**
-33-

**SEVENTH CAUSE FOR OF ACTION FOR RETALIATION FOR WHISTLEBLOWING**

**IN VIOLATION OF LABOR CODE §1102.5(b)**

(Against all Defendants)

91.     Plaintiff realleges and incorporates paragraph 1 through 90, inclusive as though fully set forth in full herein.

92.     Labor Code §1102.5(b) provides that" "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute."

93.     Plaintiff engaged in protected activity when she complained to the Los Angeles Police Department that William and Roxanne received a shipment of illegal drugs to their rental unit #705 which Veronica believed was a violation of Federal and/or California criminal statutes.

94.     Plaintiff is informed and believes, and thereon alleges, that acts of which she complained were a contributing factor in the William and Roxanne's decision to retaliate against Veronica by harassing Veronica, terminating Veronica's employment, threatening Veronica that William would interfere with Veronica's business relationship with AIRBNB and then making false statements to AIRBNB and disrupting Veronica's business relationship with AIRBNB.

95.     As a direct and proximate result of William's and Roxanne's unlawful employment practices, Veronica suffered damages as set forth herein.

96.     Pursuant to Code of Civil Procedure § 1021.5, Plaintiff is entitled to recover attorneys' fees from Defendant William and Roxanne.

**EIGHTH CAUSE FOR RETALIATION FOR REFUSING TO ENGAGE IN ILLEGAL**

**CONDUCT IN VIOLATION OF LABOR CODE §1102.5(c)**

(Against All Defendants)

97.     Plaintiff realleges and incorporates herein by reference as though fully set forth the allegations of Paragraphs 1 through 96, inclusive, above.

16

**Exhibit 2**

-34-

98.    Labor Code§ 1102.5(c) provides states that "(a)n employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

99.    Plaintiff is informed and believes, and thereon alleges, that she was retaliated against because she refused to participate in the drug shipment operations promulgated by the defendants William and Roxanne because Veronica believed they were illegal under California and Federal statutes.

100.    As a direct and proximate result of the defendant's unlawful employment practices, Plaintiff suffered damages as set forth herein.

101.    Pursuant to Code of Civil Procedure §1021.5, Plaintiff is entitled to recover attorneys' fees from Defendants William and Roxanne.

## NINTH CAUSE OF ACTION FOR DEFAMATION

### (Against all Defendants)

102.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 101, inclusive, and incorporates them by reference herein.

103.    Based upon information and belief, William and Roxanne have made false and disparaging statements, including but not limited to those statements identified in paragraphs 41, 43 and 44 above, as well as others to be proven at trial.

104.    Based upon information and belief, William and Roxanne had knowledge of the statements falsities or acted with malice and/or reckless disregard for their falsity when they were made.

105.    Based upon information and belief, the defamatory statements were made to AIRBNB employees through their website and also to an AIRBNB guest of William and Roxanne who stayed in unit #705.

106.    Based upon information and belief, by reason of the false and defamatory statements published by William, Veronica has been injured in her good name, reputation and business, portrayed in a false light and has been brought into disgrace and disrepute.

17

**Exhibit 2**
-35-

107.    Based upon information and belief, as a direct and proximate result of William and Roxanne's above-described defamatory publications, Veronica has sustained damages in an amount to be determined at trial.

108.    Based upon information and belief, William and Roxanne's above-described publications were done with fraud and malice and were intended to cause injury to Veronica. Veronica is, therefore, entitled to an award of punitive damages pursuant to California Civil Code § 3294 and exemplary damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Veronica McCluskey respectfully requests for judgment to be entered upon Defendants William Hendricks and Roxanne Hendricks as follows:

A.  FIRST CAUSE OF ACTION (Intentional Infliction of Emotional Distress)

    1.  For all general damages, in a sum to be proven at trial,

    2.  For all special damages, in a sum to be proven at trial; and

    3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

B.  SECOND CAUSE OF ACTION (Intentional Interference With Contractual Relations)

    1.  For all general damages, in a sum to be proven at trial,

    2.  For all special damages, in a sum to be proven at trial; and

    3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

C.  THIRD CAUSE OF ACTION (Negligent Infliction of Emotional Distress)

    1.  For all general damages, in a sum to be proven at trial,

    2.  For all special damages, in a sum to be proven at trial; and

    3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

18

Exhibit 2
-36-

D. FOURTH CAUSE OF ACTION (Intentional Interference with Prospective Business Advantage)

   1.  For all general damages, in a sum to be proven at trial,

   2.  For all special damages, in a sum to be proven at trial; and

   3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

E. FIFTH CAUSE OF ACTION (Retaliation)

   1.  For all general damages, in a sum to be proven at trial,

   2.  For all special damages, in a sum to be proven at trial; and

   3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

F. SIXTH CAUSE OF ACTION (Wrongful Termination)

   1.  For all general damages, in a sum to be proven at trial,

   2.  For all special damages, in a sum to be proven at trial; and

   3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

G. SEVENTH CAUSE OF ACTION (Retaliation for Whistleblowing in violation of Labor Code §1102.5(b))

   1.  For all general damages, in a sum to be proven at trial,

   2.  For all special damages, in a sum to be proven at trial; and

   3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

H. EIGHTH CAUSE OF ACTION (Retaliation for Refusing to Engage in Illegal Conduct in Violation of Labor Code §1102.5(c))

   1.  For all general damages, in a sum to be proven at trial,

   2.  For all special damages, in a sum to be proven at trial; and

   3.  For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

19

Exhibit 2
-37-

I.   NINTH CAUSE OF ACTION (DEFAMATION)

   1.   For all general damages, in a sum to be proven at trial,

   2.   For all special damages, in a sum to be proven at trial; and

   3.   For exemplary and punitive damages as allowed by law and in a sum to be proven at trial.

J.   ALL CAUSES OF ACTION

   1.   For costs and fees incurred herein;

   2.   Attorneys' fees, as permitted by law;

   3.   For such other and further relief as this court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: August 8th, 2017

Respectfully submitted,

Michael Mogan (304107)
LAW OFFICE OF MICHAEL MOGAN P.C.
4470 West Sunset Blvd, #90256
Los Angeles, CA 90027
Telephone: (949) 612-1868
mm@michaelmogan.com

By: _____
    Michael Mogan

Attorney for Plaintiff
VERONICA MCCLUSKEY

20

Exhibit 2
-38-



Exhibit 2
-39-



Exhibit 2
-40-



**+1 (858) 472-2782**

Lol

I wish ;)

Just a bad habit

Let me see if my friend
Inmer can meet you
tomorrow while your
cleaning if that's OK?
He's a super nice guy,
but I know you are a
private person. He has
nothing to do with
those, but will get them
out of there

Actually

Let's just get him a code

That way you don't have





**Exhibit 2**
-41-

**From:** Veronica [illegible]
**Date:** June 17, 2017 at 12:08:25 PM EDT
**To:** Bill Hendricks <[illegible]>
**Subject: Re: Airbnb**

That's a photo I sent you guys for the windows so they could be cleaned after your wife ASKED me too.
I need to say in writing I feel very unsafe, bullied and harassed and now stalked.
Please do not contact me again. The authorizes have been now involved and if you reach out again I will be getting a restraining order.
Thanks

Sent from my iPhone

On Jun 17, 2017, at 6:11 AM, Bill Hendricks <[illegible]> wrote:

I have all of my notes for Airbnb written up, too, if you want to go there.

Glad you enjoyed our view, too bad you violated a house rule that I've had from day one and a touchy subject for airbnb - photo shoots.

I don't want to get nasty but will go there if you want to.  I'd just assume save us both the time and energy.

Bill

Exhibit [illegible]

Exhibit 2
-42-

 

**ORIGINAL**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MICHAEL MOGAN (CA BAR 304107)<br>LAW OFFICE OF MICHAEL MOGAN P.C.<br>4470 WEST SUNSET BLVD, #90256<br>LOS ANGELES, CA 90027 | **FILED**<br>Superior Court of California<br>County of Los Angeles |
| TELEPHONE NO.: (949) 612-1868    FAX NO.: (949) 630-0477 | **AUG 09 2017** |
| ATTORNEY FOR (Name): VERONICA MCCLUSKEY | Sherri R. Carter, Executive Officer/Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | By_____ Deputy |
| STREET ADDRESS: 111 N. HILL STREET | Marion Gomez |
| MAILING ADDRESS: 111 N. HILL STREET | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: STANLEY MOSH COURTHOUSE | |

| CASE NAME:<br>MCCLUSKEY V WILLIAM AND ROXANNE HENDRICKS | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC671735** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: AUGUST 8, 2017
MICHAEL MOGAN
_____ ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**BY FAX**

**Exhibit 2**

-43-



ORIGINAL

| SHORT TITLE: MCCLUSKEY V WILLIAM AND ROXANNE HENDRICKS | CASE NUMBER BC671735 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

BY FAX

**Exhibit 2**
**-44-**

| SHORT TITLE: MCCLUSKEY V WILLIAM AND ROXANNE HENDRICKS | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)                    **CIVIL CASE COVER SHEET ADDENDUM**                    Local Rule 2.3
LASC Approved 03-04                    **AND STATEMENT OF LOCATION**                    Page 2 of 4

**Exhibit 2**
-45-

| SHORT TITLE: MCCLUSKEY V WILLIAM AND ROXANNE HENDRICKS | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**Exhibit 2**<br>**-46-**

| SHORT TITLE: MCCLUSKEY V WILLIAM AND ROXANNE HENDRICKS | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 312 WEST 5TH STREET, #705 |

| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90013 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __AUGUST 8, 2017__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**Exhibit 2**
-47-